UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARANJIT SINGH (A-201-274-001),<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 1:26-cv-04908 DAD-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Charanjit Singh (A-201-274-001), a native of India who is proceeding with counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

## I. BACKGROUND

On July 28, 2025, respondents unlawfully removed petitioner from the United States to India despite ongoing removal proceedings, which an immigration judge ("IJ") had reopened on July 9, 2025. (ECF No. 1 at 2.) Following coordination with the U.S. government, petitioner returned to the United States on or about June 10, 2026, when petitioner was immediately

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

detained by immigration authorities. (Id. at 2.) Petitioner has not been provided with a hearing before a neutral decisionmaker to assess danger or flight risk. (Id.) Respondents do not contest petitioner's factual allegations. (See ECF No. 6.)

On June 25, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On July 10, 2026, respondents filed an untimely answer. (ECF No. 6.) On July 17, 2026, petitioner filed a reply. (ECF No. 8.) In response to the undersigned's order, on September 17, 2026, respondents filed a status report confirming that petitioner is still detained. Briefing is complete.

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents argue that petitioner is lawfully detained under 8 U.S.C. § 1226(a) and do not assert any other detention authority. (See generally ECF No. 6). However, respondents submitted no evidence to support that petitioner is lawfully detained pursuant to section 1226(a). (Id.) Section 1226(a) "and its regulations guarantee noncitizens detained under that provision multiple levels of 'substantial procedural protections' against the erroneous deprivation of their liberty[,]" including arrest upon a valid warrant, notice of the basis for continued detention, an initial custody determination by an immigration officer, and a bond hearing. Garcia-Maya v. Blanche, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026)

(quoting Jacobo-Ramirez v. Mullin, 834 F. Supp. 3d 1073, 2026 WL 879799 (D. Nev. 2026)). Because respondents submitted no supporting documentation, the record before the Court does not contain any evidence of compliance with these provisions. (ECF No. 6) Failure to demonstrate compliance with any of these procedural requirements independently violates due process because it "prevents the court from concluding that petitioner is properly 'detained on that basis.'" Zurita Navarro v. Warden, No. 1:26-cv-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (quoting J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025)); see also Cornejo Gonzalez v. Chestnut, No. 1:26-cv-07118-DAD-JDP, 2026 WL 2666229, at *1 (Sept. 10, 2026); Hernandez Campos v. Warden, No. 1:26-cv-06872-DAD-JDP, 2026 WL 2655224, at *1 (Sept. 9, 2026); Meza Patraca v. Andrews, No. 1:26-cv-06646-DAD-JDP, 2026 WL 2568905, at *1 (Aug. 31, 2026). Given that petitioner's detention is unlawful, the appropriate remedy is for petitioner's immediate release. See Zurita Navarro at *3.

## IV. PETITIONER'S REMAINING CLAIMS

In the petition, petitioner also raises a procedural due process claim based on parole revocation (claim one) and a substantive due process claim (claim three). (ECF No. 1 at 6, 7.) Because the Court recommends granting the petition on the statutory and regulatory claims (claims two and four), the Court need not address any additional claims (claims one and three) raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on the court's ruling as to claim two.

## V. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted. Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondents be ordered to IMMEDIATELY release petitioner CHARANJIT SINGH (A-201-274-001) and be ordered to provide petitioner with a copy of the release order at or near the time of release. If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.
3. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).
4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 22, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

sing.4908.26.imm.frs/10