UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARANJIT SINGH,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 1:26-cv-04908-DAD-CSK

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS

(Doc. No. 12)

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 22, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 12.) Specifically, the magistrate judge concluded that respondents' failure to demonstrate compliance with the procedural requirements of 8 U.S.C. § 1226(a) when re-detaining petitioner violated the due process clause. (*Id.* at 2–3.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 4.)

On September 28, 2026, respondents filed objections to the findings and recommendations. (Doc. No. 13.) Respondents object to the magistrate judge's recommendation

that petitioner be immediately released and that the court enjoin his re-detention absent a pre-deprivation hearing because, respondents argue, petitioner is only entitled to a post-detention bond hearing pursuant to § 1226(a). (*Id.* at 1–2.) In light of respondents' concession that petitioner was granted parole into the United States (Doc. No. 6 at 1), the court adopts its reasoning in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), in which the court concluded that prior parole created a protected liberty interest in the petitioner's release and that due process required a pre-deprivation hearing. The court therefore concludes that the magistrate judge correctly determined that petitioner's detention is unlawful and rejects respondent's objections to those findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on September 22, 2026 (Doc. No. 12) are ADOPTED in full;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Charanjit Singh, A-File No. 201-274-001, from respondents' custody;
    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to show that petitioner is a danger to the community or a flight risk by clear and convincing evidence;
3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

/////

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **October 13, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE